948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
H. Garrett FREY, Plaintiff-Appellant,
v.
Karen A. PRIOR; Donald J. Mooney, Jr.; Benesch,
Friedlander, Coplan & Aronoff, Defendants-Appellees.
 Nos. 91-3567, 91-3725.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1991.
 
 Before KENNEDY and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 H. Garrett Frey, a pro se Ohio resident, appeals a district court judgment dismissing his civil complaint filed pursuant to 28 U.S.C. § 1332 and an order imposing Rule 11 sanctions against him. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Frey, a former securities broker who operated Queen Cities Security, Inc., sued a Virginia resident (Prior), an Ohio attorney (Mooney) and his law firm, Benesch, Friedlander, Coplan & Aronoff (BFCA), alleging that they improperly sued him in two prior lawsuits. The first action was an arbitration in which Prior, while represented by Mooney, sought recovery of the value of "junk bonds" in American Continental Corporation which were recommended to her by Frey. The principal shareholder of American Continental Corporation is Charles Keating. The arbitration culminated in an award in favor of Prior. The second action was brought against Frey by Industrial Indemnity Corporation in the United States District Court for the Southern District of Ohio. BFCA represented Industrial Indemnity in the action against Frey. Industrial Indemnity's action is part of a multi-district class-action involving American Continental Corporation and Charles Keating.
 
 
 3
 Frey sought damages asserting: (1) that Mooney and BFCA were guilty of a conflict of interest because they represented both Prior and Industrial Indemnity in actions against him; (2) that Mooney and BFCA knew that Keating was conspiring to defraud Frey but proceeded to represent Prior and Industrial Indemnity in an action against him; (3) that Mooney and BFCA have breached their fiduciary duty to Prior because she will recover her losses from Keating as a result of other legal actions; (4) that Prior made unspecified false and defamatory statements "through and with her attorney" against Frey; and (5) that Mooney and BFCA should have known that the action they brought against Frey was improper.
 
 
 4
 After a review, the district court dismissed the petition, finding that diversity jurisdiction did not exist and that Frey had failed to state a claim upon which relief can be granted. Frey filed a timely appeal. (Case No. 91-3567). Subsequently, the district court imposed Rule 11 sanctions against Frey following a hearing. Frey has filed a timely appeal from that order. (Case No. 91-3725).
 
 
 5
 Upon review, we conclude that the district court properly dismissed Frey's complaint and imposed Rule 11 sanctions.
 
 
 6
 First, diversity jurisdiction is lacking in this case because Frey, Mooney and BFCA are all citizens of Ohio. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Further, Frey's complaint fails to state a claim upon which relief can be granted. Frey lacks standing to assert a claim of conflict of interest against either Mooney or BFCA because no attorney client relationship existed between Frey and Mooney or BFCA. See In re Yarn Processing Patent Validity Litigation, 530 F.2d 83, 89-90 (5th Cir.1976). See also Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio, 900 F.2d 882, 889 (6th Cir.1990). Moreover, even if diversity jurisdiction existed, Frey has no cause of action against either Mooney or BFCA for defamation during the course of the arbitration. Here, the district court would be obliged to apply Ohio law. See Davis v. Sears, Roebuck and Co., 873 F.2d 888, 892-93 (6th Cir.1989). Ohio follows the rule that an attorney has an absolute immunity against a libel and slander action for statements made while representing a client in the course of litigation either for statements in the pleadings, briefs or oral statements, so long as the defamatory matter may possibly bear some relation to the judicial proceedings. See Surace v. Wuliger, 25 Ohio St.3d 229, 233, 495 N.E.2d 939, 942 (Ohio 1986). Therefore, even if diversity jurisdiction were present in this case, Frey's defamation claims against Mooney and BFCA would be barred.
 
 
 7
 Finally, the district court did not abuse its discretion in awarding Rule 11 sanctions in the amount of $500.00 against Frey. See Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2458-61 (1990); Mann v. G & G Mfg., Inc., 900 F.2d 953, 958 (6th Cir.1990), cert. denied, 111 S.Ct. 387 (1990).
 
 
 8
 Accordingly, the district court's judgment and award of sanctions are hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.